Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT
for the

Middle District of Georgia

Athens Division

|  |  |
|---|---|
| Miranda Whitworth | Case No. _____ <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)*  ☒ Yes  ☐ No |
| *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |
| -v- | |
| see attached | |
| *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non–Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Miranda Whitworth |
| Address | 466 Misty Mills Rd |
| | Lavonia, Ga, 30553 |
| | *City / State / Zip Code* |
| County | Franklin |
| Telephone Number | 706-491-2227 |
| E-Mail Address | mirandawhitworth44@icloud.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | Franklin County Detention Center |
| Job or Title *(if known)* | Sheriff's office |
| Address | 1 James Little Street |
| | Carnesville, Ga, 30521 |
| | *City / State / Zip Code* |
| County | Franklin |
| Telephone Number | 706-384-2525 |
| E-Mail Address *(if known)* | |

☐ Individual capacity  ☒ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | Officer Jason Roach |
| Job or Title *(if known)* | Franklin County Sheriff Deputy |
| Address | 1 James Little St |
| | Carnesville, Georgia, 30521 |
| | *City / State / Zip Code* |
| County | Franklin |
| Telephone Number | |

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

E-Mail Address *(if known)*

☒ Individual capacity   ☒ Official capacity

Defendant No. 3
Name: Officer Cochran
Job or Title *(if known)*: Franklin County Sheriff Deputy
Address: 1 James Little St
City: Carnesville   State: Ga   Zip Code: 30521
County: Franklin
Telephone Number: 706 3842525
E-Mail Address *(if known)*:

☒ Individual capacity   ☒ Official capacity

Defendant No. 4
Name: Officer Nunn
Job or Title *(if known)*: Franklin County Sheriff Deputy
Address: 1 James Little St
City: carnesville   State: Georgia   Zip Code: 30521
County: Franklin
Telephone Number: 706-384-2525
E-Mail Address *(if known)*:

☒ Individual capacity   ☒ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

- Fourth Amendment: Protection against unreasonable searches and seizures.
- Fourteenth Amendment: Right to due process and equal protection under the law.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

"The Defendants acted under the color of law by exercising their authority as law enforcement during the traffic stop, detention, search, investigation, seizure, and arrest of the Plaintiff. Their actions, including the unlawful seizure, illegal searches, prolonged detention, and potential mishandling or fabrication of evidence, occurred while performing official duties under state law."

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

I-85N, Lavonia Ga., bottom of ramp at exit 177

B. What date and approximate time did the events giving rise to your claim(s) occur?

August 22, 2023 approximately 1.00 a.m.

C.   What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

1. **Unlawful Traffic Stop & Detainment (Officer Roach)**

- On August 22, 2023, Plaintiff was a passenger in a vehicle, driven by Mia Turner, when they were stopped by Officer Jason Roach of the Franklin County Detention Center.
- Officer Roach stated the reason for the stop was that the driver swerved, told her to exit the vehicle, and had her go to the rear of the car.
- Officer Roach then went to the passenger side and asked Plaintiff if he could search the vehicle, stating the reason was the driver's nervousness. When the Plaintiff denied consent, Officer Roach told Plaintiff to exit the vehicle.
- Officer Roach then stated he was calling for a k-9 unit and if K-9 alerts that gives him his probable cause.

2. **Prolonged Traffic Stop (Officer Roach)**

- Officer Roach administered a field sobriety test to the driver, Mia, which she passed.
- Despite the driver successful completion of the test, Officer Roach continued to detain both the driver and Plaintiff without reasonable suspicion or probable cause, thereby unlawfully prolonging the traffic stop in violation of the Fourth Amendment.

3. **Unlawful Search of Person: (Officer Nunn)**

- Officer Roach then called for female officer to come to the scene.
- Officer Nunn, of Franklin County Detention Center, arrived and conducted a personal search of the Plaintiff and driver without reasonable suspicion or probable cause
- Other officers of the Franklin County Detention Center were present on the scene and later contributed to the search of the Plaintiff's vehicle.

4. **Unlawful Arrest and Mishandling of Evidence**

- Approximately 37 minutes after the initial stop, the K9 unit of the Banks County Sheriff's Office, arrived and requested one of the car doors to be cracked open. Officer Cochran cracked open the back passenger door of the vehicle, despite the passenger window already being down.
- The K9 entered the vehicle by jumping through the open passenger window and exited through the open back door. Officer Roach stated that the K-9's "change of behavior" was considered an alert.
- All officers on scene then conducted a search of the vehicle. During the search, Officer Roach positioned at the trunk stated that drugs had been located and placed Plaintiff and driver under arrest.
- No evidence of drugs was shown to the Plaintiff at any time, including at the scene or after arrest.
- Plaintiff was told later drugs were found on the driver's side, creating contradictory reports regarding the alleged location of the evidence.
- Upon later reviewing body camera footage, the Plaintiff observed a small, circular container placed on the hood of a police vehicle. Throughout the footage, this container was repeatedly moved by different officers, taken off the vehicle, and returned multiple times before being laid back on the hood again.
- At the end of the search, an officer, that appears to be the K-9 handler of Banks County Sheriff's Office, laid out a baggie and a driver's license next to the container and photographed them.
- These conflicting accounts and failure to disclose evidence violated the Plaintiff's due process rights under the Fourteenth Amendment.

5. **Cruel and Inhumane Treatment (Officer Nunn)**

- Officer Nunn transported the Plaintiff to a patrol car, parked several vehicles away, where she was left restrained for over 30 minutes in extreme heat, without air conditioning or ventilation. Plaintiff, unable to exit or call for help, experienced physical distress, and fear for her life. This treatment constitutes a violation of the Fourteenth Amendment.

6. **Loss of Prescription Medication & Health Impact (Officers Roach & Nunn)**

- The Plaintiff's prescription medication was lost or discarded during the arrest, leading to severe health consequences, including seizures. The sheriff, Stevie Thomas, later confirmed this loss in a letter addressed to the Plaintiff's doctor, further demonstrating disregard for her medical needs and violating her right to humane treatment under the Fourteenth Amendment.

7. **Contradictory Statements:**

- Officer Roach stated, on body camera footage, during the stop that he had been watching the Plaintiff and the driver at a store for approximately 30 minutes prior to initiating the traffic stop.
- Body-worn camera footage shows officers, after placing the Plaintiff in patrol vehicle, discussing whether driver or Plaintiff discarded the drugs at store.
- Despite the official claims that drugs were located in the vehicle, these recorded statements reflect uncertainty regarding their location or existence of any such evidence.
- Immediately afterward, Officer Roach inquires whether any officers were still recording, at which point the body camera footage ends.
- Upon requesting the dash and body camera footage, the Plaintiff was informed that no body camera footage was available from Officer Roach.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff did not suffer physical injuries but has experienced significant emotional, psychological, reputational, mental, financial, academic, and family-related harm.

Since the incident, Plaintiff has experienced the following:

1. Emotional distress and ongoing psychological trauma, including the need for psychiatric treatment, new medications, and dosage increases.
2. Family estrangement, including missing the birth of her first grandchild and being unable to maintain a relationship with her daughter, and strained relationships with other family members. The incident has also caused emotional distress to Plaintiff's relatives.
3. Financial harm due to the pending charge on Plaintiff's record and psychological distress, both of which have affected ability to obtain employment.
4. Reputational damage due to her photograph and false charge being posted publicly on social media, which was particularly harmful in her small community.
5. Educational and career disruption. Plaintiff is on track to graduate early with her bachelor's degree, with honors and placement on the Dean's List, yet she's been unable to apply to law school due to pending charge appearing on her record.

Together, these harms have caused lasting emotional, psychological, and mental distress, as well as damage to Plaintiff's personal relationships, reputation, and ability to continue her academic and professional goals.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1. Plaintiff seeks Compensary damages for emotional, psychological, reputational, academic, and financial harm caused by the violation of her constitutional rights under the Fourth and Fourteenth Amendments.
2. Plaintiff seeks punitive damages to deter future misconduct by Defendants.
3. Plaintiffs requests injunctive relief to prevent Defendants from engaging in future unlawful conduct, including requiring proper training, and enforcement of disciplinary actions.
4. Plaintiff seeks recovery of legal costs, including filing fees and necessary expenses. Plaintiff is self-represented and does not seek attorney fees.
5. Plaintiff further requests that the criminal charge be dropped and fully removed from her record.
5. Plaintiff asks that the amount of compensatory and punitive damages be determined at trial.
6. Plaintiff requests any additional relief the Court deems just and proper.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  May 1, 2025

Signature of Plaintiff  *Miranda Whitworth*

Printed Name of Plaintiff  Miranda Whitworth

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

City    State    Zip Code

Telephone Number
E-mail Address